IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY WALKER
    Plaintiff,

vs.                                                                                                  4:05cv326/MMP/MD

FLORIDA PAROLE COMMISSION,
    Defendant.

---

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1). Leave to proceed *in forma pauperis* was granted and no initial partial filing fee was assessed. (Doc. 7). Plaintiff has not made any installment payments towards the $250.00 filing fee.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff was convicted of first degree murder in 1980. He is currently serving a term of life imprisonment for this crime. In this case, plaintiff makes various due process challenges to the decision of the defendant Florida Parole Commission (the Commission) to deny him parole. He contends that the defendant has failed to show good cause why it could not find plaintiff suitable for parole, failed to show good cause on extended subsequent review why plaintiff's likelihood of being paroled was remote, the defendant failed to show cause why it used several invalid aggravators and refused to use any mitigators, and finally that the defendant does not have a procedure which allows plaintiff to request an expedited review. He claims that once a proper review/determination for parole suitability is conducted he will be entitled to immediate release. He seeks declaratory and injunctive relief.

The law is well settled that a challenge to the "parole decision process" or guidelines by which the Commission decides who should or should not be released on parole is not a viable claim.  In *Paschal v. Wainwright*, 738 F.2d 1173 (11th Cir. 1984), the court considered a challenge to the 1978 Objective Parole Guidelines Act which required the Commission to enact guidelines that would be used in making parole release decisions, including the establishment of a presumptive release date and whether release should be granted.  738 F.2d at 1175.  The Eleventh Circuit explained in *Paschal* that "[a] law which is merely procedural and does not add to the quantum of punishment . . . cannot violate the ex post facto clause even if it is applied retrospectively."  *Id.*, at 1176 (*citing Weaver v. Graham*, 450 U.S. 24, 32-33, 101 S.Ct. 960, 966, n.17, 67 L.Ed.2d 17 (1981)).  The court also has held that the ultimate discretion about granting parole is with the Parole Commission "and that because the [Objective Parole Guidelines Act] merely made a procedural change in how this discretion was exercised there was no ex post facto violation."  *Johnson v. Wainwright*, 772 F.2d 826, 827 (11th Cir. 1985), *explaining Paschal*.

Furthermore, Florida's parole system leaves the decision of whether or not to grant parole "to the discretion of the [Parole] Commission . . . ."  *Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986) (*citing Moore v. Florida Parole & Probation Comm'n*, 289 So. 2d 719 (Fla. 1974)).  A statute which provides for the mere possibility of parole does not create a liberty interest protected by due process for the reason that it depends wholly on the unfettered exercise of discretion by a board or other authority. *Greenholtz, supra*. "There is no constitutional right to parole in Florida."  *Jonas*, 779 F.2d at 1577 *(citing Hunter v. Florida Parole & Probation Comm'n*, 674 F. 2d 847, 848 (11th Cir. 1982));[1] see also *Heard v. Crosby*, 2005 WL 941020 (N. D. Fla. 2005).  In *Hunter v. Florida Parole & Probation Commission*, the Court rejected a claim that the Commission improperly calculated a presumptive parole release date and, thus, violated due process, holding that because there was no liberty interested in parole, there was no due process

---

[1] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right."  FLA. STAT. § 947.002(5).

*Case No: 4:05cv326/MMP/MD*

violation. *Hunter*, 674 F.2d at 848; *Staton v. Wainwright*, 665 F.2d 686 (5th Cir.1982). Therefore, to the extent plaintiff makes a general due process claim, he cannot state a claim, because Florida's parole statutes do not create a legitimate expectation of parole, and hence leave due process inapplicable to the procedure for granting parole. *Hunter*, *supra; Heard, supra.*

Based on the foregoing, plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983. Therefore, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 20th day of January, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).