IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JEFFREY WALKER,

      Plaintiff,

v.                                 CASE NO. 4:05-cv-00326-MP-EMT

FLORIDA PAROLE COMMISSION, et al.,

      Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 12, Report and Recommendations of the

Magistrate Judge, recommending that this case be dismissed with  prejudice pursuant to 28

U.S.C. § 1915A(b)(1) for Plaintiff's failure to state a claim upon which relief may be granted.

The plaintiff filed an objection at doc. 13.  For the reasons below, the Report and

Recommendation is adopted.

Plaintiff, who is serving a life sentence based on a state court conviction in 1980, argues

that applying subsequent changes to the parole eligibility guidelines violates the *ex post facto*

and due process clauses of the Constitution.  After the Magistrate Judge correctly pointed out in

his Report and Recommendation that such claims have been squarely rejected, see, e.g., Paschal

v. Wainwright, 738 F.2d 1173 (11th Cir. 1984), Plaintiff asserted  in his objections that this rule

was overturned by the Supreme Court holding in  Wilkinson v. Dotson, 544 U.S. 74 (2005).

However, Dotson merely addresses a procedural question: i.e., whether prisoners wishing

to challenge state procedures used to deny parole eligibility and parole suitability can do so

pursuant to a § 1983 claim or whether they are limited to pursuing such claims only in a habeas

petition.  Dotson did not speak to the substantive issue in that case and the instant case: i.e.,

whether applying new parole guidelines retroactively to deny parole eligibility violates the

Constitution.  Therefore, cases like <u>Paschal</u> are not altered by the <u>Dotson</u> case and remain the

law of the land.

"A law which is merely procedural and does not add to the quantum of punishment . . .

cannot violate the ex post facto clause even if it is applied retrospectively." <u>Paschal</u>, 738 F.2d at

1176 (*citing* <u>Weaver v. Graham</u>, 450 U.S. 24, 32-33, 101 S.Ct. 960, 966, n.17, 67 L.Ed.2d 17

(1981)).  Also, a statute which provides for the mere possibility of parole does not create a

liberty interest protected by due process for the reason that it depends wholly on the unfettered

exercise of discretion by a board or other authority.  "There is no constitutional right to parole in

Florida." <u>Jonas v. Wainwright</u>, 779 F.2d 1576, 1577 (11th Cir.), cert. denied, 479 U.S. 830

(1986).  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. This case is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this  *4th*  day of April, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge